UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRION WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:23-CV-00722-NCC |
| ) | |
| ARGEE TRANSPORT CO., ) | |
| and MICHAEL WHITLOCK, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Terrion Watson's ("Watson") Motion for Leave to Amend Rule 26(a)(2) Disclosure. (Doc. 25). The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 17). For the following reasons, Plaintiff's Motion for Leave to Amend Rule 26(a)(2) (Doc. 25), is **GRANTED**.

### I.  Background

Defendants removed this case from St. Louis City Circuit Court on June 1, 2023. (Doc. 1). Following the Rule 16 Conference on August 2, 2023, the Court entered a case management order ("CMO"), which, relevant to this matter, states: [p]laintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than October 1, 2023, and shall make expert witnesses available for depositions, and have depositions completed, no later than October 31, 2023. (Doc. 21, ¶3(b)). The CMO also required that the parties make all Rule 26(a)(1) disclosures no later than August 17, 2023. Id. at ¶3(a). As part of his Rule 26(a)(1) disclosure, Plaintiff provided records and bills of Dr. David Raskas, an orthopedic spine surgeon. (Doc. 26, p.2). Plaintiff, however, untimely filed his disclosure of Dr.

Raskas, pursuant to Rule 26(a)(2)(C), as a treating physician on October 11, 2023. (Doc. 27, p.1). Defendants did not object to the late disclosure. *Id.* The parties subsequently filed a joint motion to amend the CMO, requesting that Dr. Raskas' deposition be completed by January 20, 2024. (Doc. 23, ¶4, 7(a)). The Court granted the motion in part, amending the CMO to reflect that depositions of Plaintiff's experts must be completed no later than January 20, 2024. (Doc. 24). Prior to the deposition, Defendants were in possession of Dr. Raskas' letter dated May 18, 2022, Dr. Raskas' independent medical examination report, and medical records used by Dr. Raskas to form his opinion in the report. (Doc. 26, p.2).

During Dr. Raskas's deposition on January 12, 2024, Defendants objected to Plaintiff categorizing Dr. Raskas as a treating physician and stated Plaintiff should, in fact, have disclosed the doctor as a retained expert pursuant to Rule 26(a)(2)(B). *Id.* at 1. Plaintiff agreed and now seeks "leave to amend his disclosure to correctly name Dr. Raskas as a retained expert." *Id.*

## II.   Discussion

Plaintiff states that his motion to amend the disclosure was not done in bad faith or because of a dilatory motive. *Id.* at 2. Plaintiff argues that his failure to disclose Dr. Raskas as an expert will not prejudice Defendants because 1) Dr. Raskas's records and bills were listed in Plaintiff's Rule 26(a)(1) initial disclosure, 2) Dr. Raskas was previously disclosed as a non-retained expert witness pursuant to 26(a)(2)(C), 3) prior to the deposition, Defendants received a copy of Dr. Raskas' report as well as the medical records he used in forming his opinions in the report, 4) Defendants received and were able to depose Dr. Raskas regarding the billing amounts he charged for the independent medical exam, and 5) a copy of Dr. Raskas' curriculum vita was produced at the deposition. *Id.* Defendants argue that because this is the second time Plaintiff failed to comply with the Federal Rules of Civil Procedure, Dr. Raskas should be prohibited

from testifying at trial or, in the alternative, be limited to testifying to his April 18, 2022 report, and May 18, 2022 letter. (Doc. 27, ¶12).

Under Fed. R. Civ. P. 26(a)(2)(D), parties are required to disclose all expert testimony "at the times and in the sequence that the court orders." "[F]ailure to disclose in a timely manner is equivalent to failure to disclose." *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing *Sylia-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)). "If a party fails to provide information or identify a witness ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The court has wide discretion in determining whether the deadline should be extended to allow the inclusion of new expert witnesses to a party's disclosure. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining whether a remedy is appropriate, the court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* Exclusion of evidence is a harsh penalty and should be used sparingly. *Id.*

After a review of the record, the Court finds Plaintiff's initial identification and disclosure regarding Dr. Raskas to be improper, deficient, and not substantially justified. However, Plaintiff's failure to disclose Dr. Raskas as a retained expert was harmless and does not warrant Defendants' request to prohibit or limit the doctor's testimony. Plaintiff identified Dr. Raskas as an expert in the initial disclosure. *See Bayes v. Biomet*, Inc., 4:13-CV-00800-SRC, 2020 WL 5848068 at *2 (E.D. Mo. Oct. 1, 2020) (allowing Plaintiffs' expert to testify despite improper disclosure because Plaintiffs identified the healthcare provider by name in the initial

3

disclosures). Defendants also had access to records Dr. Raskas used to form his opinions and Dr. Raskas' letter, dated May 18, 2022. Defendants were able to access Dr. Raskas' report before the date of the deposition and had an opportunity to depose Dr. Raskas based on his report and review of the records. *See Post v. Dolgencorp, LLC*, 4:19-CV-00171-JAR, 2020 WL 3412238 at *6 (E.D. Mo. June 22, 2020) (finding defendant was not harmed by failure to disclose because "(1) [d]efendant was put on notice that Dr. Brown had opinions as to causation, (2) that [d]efendant was familiar with the scope and length of Dr. Brown's treatment of Plaintiff because it had access to her medical records, and (3) that [d]efendant was aware of Plaintiff's theory of causation."). As to the third factor, the Court finds that allowing Dr. Raskas to testify would not disrupt the order or efficiency of the trial, which is scheduled for August, 2024, and eight (8) months after Defendants deposed Dr. Raskas. Finally, there is little risk of surprise to Defendants should Dr. Raskas testify regarding opinions expressed in the medical evaluation, the letter he authored, or subjects covered during the deposition.

Plaintiff must comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Rule 26(a)(2) Disclosure is **GRANTED**.

HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2024.

4